UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-1 CORTEZ LORENZO HILL,

    Defendants.
_____/

Civil Action No. 17-20279

Honorable Denise Page Hood

**ORDER DENYING MOTION FOR NEW TRIAL
PURSUANT TO FRCP 33 [165]**

### I.    INTRODUCTION

Now, before the Court, is Defendant – 1, Cortez Hill's, Motion for New Trial Pursuant to Federal Rule of Criminal Procedure 33. [ECF No. 165]. The Government has filed a response in opposition to Hill's motion. [ECF No. 182]. For the reasons stated herein, Hill's motion is denied.

### II.    BACKGROUND

On April 26, 2017, Hill was charged with Count I – Conspiracy to Possess with Intent to Distribute Controlled Substances in violation of 21 USC §§ 846, and 841(a)(1), Count II – Possession with Intent to Distribute a Controlled Substance (Heroin) in violation of 21 USC § 841(a)(1), and Count IV – Possession of a Firearm

in Furtherance of a Drug Trafficking Crime in violation of 18 USC § 924(c). [ECF No. 1]. On April 26, 2023, a jury convicted Hill of Counts I and II. [ECF No. 141]. On January 23, 2024, the date and time set for sentencing, Hill informed the Government that he intended to file a motion for new trial.

### III.  ANALYSIS

Federal Rule of Criminal Procedure 33 states, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Rule 33(a). "Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. Rule 33(b)(1). "Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Rule 33(b)(2). Rule 45(b) allows a court to extend the time for filing on its own or for good cause upon a party's motion either before the originally prescribed or previously extended time expires or after the time expires if the party failed to act because of excusable neglect. Fed. R. Crim. P. 45(b)(1)(B). In determining whether a party has demonstrated excusable neglect, courts must consider "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *United States v. Munoz*, 605 F.3d 359, 368 (6th Cir. 2010) citing

2

*Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir.2006). "These factors do not carry equal weight; the excuse given for the late filing must have the greatest import." *United States v. Watts*, No. 21-5302, 2022 WL 706603, at *8 (6th Cir. Mar. 9, 2022) citing Munoz, 605 F.3d at 372.

  Hill's motion is premised on three basis: (1) a key piece of evidence, specifically, the hard drive taken from Hill's house with saved video footage from surveillance cameras, was destroyed by an agent of the government without being able to be reviewed by the defendant or his counsel, (2) the Government handed over 5000 pages of text messages less than a week before trial, and (3) Hill recovered evidence that could have been used to rebut testimony by the Government. [ECF No. 165, PageID.1220-21]. Hill's motion is time-barred by the plain language of Rule 33(b)(2). Hill's motion was filed on March 6, 2024, nearly eleven months after the entry of the jury verdict. Further, he does not allege that there is newly discovered evidence which would warrant a new trial. Instead, Hill argues that "there were several instances of substantial error that occurred at both the pretrial and trial stages of this case that warrant the ordering of a new trial." [ECF No. 165, PageID.1223-24]. Therefore, the Court must consider whether Hill has demonstrated excusable neglect in his delay under Rule 45(b).

  Here, Hill has provided no reason why this motion for new trial could not have been filed within the fourteen-day deadline prescribed by Rule 33. Hill merely

3

argues that he is entitled to a new trial on the three basis enumerated above. Even if Hill had provided a reason for his neglect, he would still be unable to overcome the remaining factors. Holding another trial over a year later would be highly prejudicial to the government because witnesses may now be unavailable, and memories may be compromised. Further, the Court has already prepared for sentencing. Sentencing memorandums have been prepared by both the Hill and the Government and a final presentence report has been prepared by the Probation Department. [ECF Nos. 148, 153, 157] see *United States v. Hall*, 979 F.3d 1107, 1124 (6th Cir. 2020) (an attorney's filing of a motion related to sentencing in the interim before the Rule 33 motion suggests to the district court that everyone is proceeding toward sentencing). Next, the delay was in Hill's control. The motion for new trial was filed by Hill's attorney of record during trial, Mr. David Burgess.

Hill's motion makes clear that the first two basis for his motion for new trial arose prior to the commencement of trial and the hard drive which he alleges was recovered post-trial had been in his possession prior to and throughout the duration of trial. As such any information recovered was available to him at all times. Hill himself asserts the lack of effort necessary to obtain the video footage from the system. [ECF No. 165, PageID.1229] ("After trial, Mr. Hill found his old hard drive and was able to review it, with no difficulty whatsoever[.]"). This supports denial of

this motion as the information exculpatory information could have been just as easily obtained for trial.

Lastly, there is no evidence that Hill is acting in bad faith; however, it is curious that Hill waited until the time set for sentencing to file this motion which he should have known was untimely pursuant to the Court rules. Considering all of these facts, the Court finds that Hill's motion for new trial is untimely.

## IV.  CONCLUSION

The Court finds that Hill has not shown that there was excusable neglect warranting delay in the filing of Hill's motion for new trial. Hill's motion is untimely pursuant to Rule 33 and 45(b). Therefore, Hill's motion for new trial is DENIED.

                                                      _s/Denise Page Hood_____
                                                      DENISE PAGE HOOD
                                                      United States District Judge

DATED: July 2, 2024